## CIRCUIT COURT OF LOUDOUN COUNTY

Fieldfare Corp.

v.

Loudoun County
Board of Supervisors

June 25, 1996

Case Nos. (Law) 13185 and 13188

BY JUDGE JAMES H. CHAMBLIN

These consolidated cases are before the Court on the Applications to Correct Erroneous Assessment of Local Real Estate Tax and for Refund filed by Fieldfare Corporation against the Board of Supervisors of Loudoun County, Virginia, for the tax years 1990 and 1991 pertaining to two parcels of industrially zoned land containing a total of approximately 666 acres located in the southwest corner of routes 7 and 607 in Loudoun County.

After consideration of the evidence presented on December 14 and 15, 1995, and February 8 and 23, 1996, and a review of the transcripts and the written closing arguments, the Applications are denied. Fieldfare failed to rebut the clear presumption of the validity of the assessments.

In reaching my decision, I feel that there are three basic considerations in these cases. First, although all land is unique, the subject property is extremely unique. There was no evidence of any parcel with a similar shape, size, location, zoning, proffers, and other amenities (e.g., access to utilities, flood plain, road frontage, etc.). Therefore, an opinion of its value must be based on sales of land with different characteristics adjusted to meet the subject property. Such adjustments are not clear cut and must be matters of expert opinion.

Second, all will agree that the market for real estate such as the subject property fell dramatically some time in the late 1980's and early 1990's. Any expression of just exactly when the fall started, how fast was the fall, and where real estate values were at the time of the fall are, by their very nature, matters of opinion. There was evidence that the market for prop-

erty such as the subject property had not completely bottomed out by January 1, 1991.

Third, the County used a mass appraisal technique to assess the subject property. Fieldfare's expert, Tom Reed, used a fee appraisal method in arriving at his values. While a mass appraisal is a recognized method of assessment for real estate tax purposes; as Fieldfare points out in its brief, a mass appraisal in a falling market can penalize a taxpayer.

Because of the very unique characteristics of the subject property and the falling market conditions on January 1, 1990, and January 1, 1991, it can certainly be expected that the appraisers would differ in their opinions. Counsel in their briefs did a thorough job of challenging and pointing out the deficiencies and weaknesses of the expert appraiser for the other side. Fieldfare did the same as to the assessment by the County's assessor. These challenges bolster the point that the values in the eyes of a given expert under the circumstances of these cases are bound to be different.

None of the three experts, Mr. Reed for Fieldfare, William C. Harvey for the Board, and Robert Willingham, who did the actual assessment for the County, based their opinions on completely irrelevant or inaccurate information. None of the experts were guessing or speculating. They just had an honest difference of opinion as to how to utilize the available data and determine a value. Each expert has his strengths and his weaknesses. I cannot give sufficient weight to Mr. Reed's opinion, coupled with the other evidence presented by Fieldfare of the market conditions, to overcome the presumption of correctness.

This decision in no way means that a mass appraisal will always prevail. A mass appraisal is a permissible method of assessing real estate for tax purposes, but it can always be challenged by an appraisal following another method. There could be a case where a fee appraisal may provide sufficient evidence to overcome the presumption of the correctness of an assessment based on a mass appraisal, or the mass appraisal may be manifestly in error or may totally disregard controlling evidence.

In these cases, I cannot find manifest error or a total disregard of controlling evidence by the County in its assessments. There is no correction to the assessments by the Court because there is no finding an erroneous assessment.